CHIASSON, Judge.
On December 5, 1973, plaintiff-appellee, Lawyers Title Insurance Corporation (LTIC) requested at the annual meeting of the Louisiana Land Title Rating Bureau (Bureau), intervenor-appellant, that the Bureau file a deviation in title insurance rates for LTIC. The title insurance rates which had been established and promulgated by the Bureau and approved by the Louisiana Insurance Rating Commission (Commission) divided the state into two divisions. The Division A rates applied in all areas of the state except the parishes of Orleans, Jefferson, St. Bernard, Plaque-mines, St. Charles, St. James and St. John the Baptist. These rates were for title insurance alone. The Division B rates applied in the aforenamed parishes and covered the cost of title insurance and the cost of title examination. The deviation LTIC desired filed would have applied Division A rates statewide. LTIC’s request for the filing of the deviation was refused by the Bureau.
On December 12, 1973, LTIC filed a rate application with the Commission and the Commissioner of Insurance for the State of Louisiana under the provisions of R.S. 22:1407 F.[1]
R.S. 22:1407 F provides:
“When a filing of adjustments of rates for existing classifications of risks (1) does not involve a change in the relationship between such rates and the expense portion thereof, and (2) does not involve a change in rate relativities among such classifications on any basis other than loss experience, such filing shall become effective upon the date or dates specified in the filing and shall be deemed to meet the requirements of this Part: provided that this Subsection shall not apply to public property rates as provided for under R.S. 22:1421, nor to surety or workmen’s compensation insurance.”
Two days later the Commission directed LTIC’s attention to R.S. 22:1406 C and asked LTIC to explain why LTIC believed it could file a rate application under R.S. 22:1407.
R.S. 22:1406 C provides:
“Every title insurer doing business in this state shall adhere to the rates pro *241 mulgated by any title insurance rating bureau licensed under this Part, and which rates have been approved by the casualty and surety insurance division.”
On January 16, 1974, the Commission at a meeting rejected LTIC’s filing until a report could be made by the Bureau. After receiving notice of the Commission’s action, LTIC authorized its agent to charge the rejected rate.
LTIC’s action was based on its belief that its rate application had become effective after filing under R.S. 22:1407 and could be disapproved only after the administrative hearing required by R.S. 22:1408 C.[2]
In June, 1974, the Commission met to consider the matter. After counsel for LTIC objected to the conduct of the meeting as an administrative hearing because of the Commission’s failure to adopt the rules and regulations required by the Louisiana Administrative Procedure Act (R.S. 49:951 et seq.) the Commission decided to file the required rules and hold a hearing under them.
Shortly thereafter, without any further hearing, counsel for the Commission informed LTIC that LTIC was improperly using the rates and should cease to do so. LTIC then filed this suit seeking a declaratory judgment decreeing that LTIC could charge the rates contained in its December, 1974, application.
After a hearing the District Court rendered a judgment decreeing that LTIC’s rate application was properly filed pursuant to the provisions of R.S. 22:1407, that these rates had become effective and would continue to remain in effect unless modified by the Commission after a hearing conducted in accordance with the Administrative Procedure Act. It is this judgment of the Court which has been appealed.
The appellant contends the District Court erred in:
(1) Failing to address the threshold question of whether R.S. 22:1406 C precludes an individual title insurer from filing a rate application under R.S. 22:1407; and
(2) Failing to give, under the rule of contemporaneous construction, great weight to the interpretations of R.S. 22:1406 C made by the Commission and the Bureau.
R.S. 22:1402 provides:
“The purpose of this Part is to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate, or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of this Part. Nothing in this Part is intended (1) to prohibit or discourage reasonable competition, or (2) to prohibit or encourage, except to the extent necessary to accomplish the aforementioned purpose, uniformity in insurance rates, rating systems, rating plans or practices. This Part shall be liberally interpreted to carry into effect the provisions of this Section.”
*242 R.S. 22:1404(5) provides in part:

Nothing in this Code shall be construed to prohibit any insurer from deviating upon proper approval under this Part from any rate established by a rating organization or any division, provided the rate used is adequate.”
The construction of R.S. 22:1406 C urged by appellant is one which prohibits a title insurer from deviating from a rate established by a rating bureau. Approval of a rate filing under R.S. 22:1407 is automatic unless the rate is disapproved by the Commission in the manner provided for in
R.S. 22:1408.
R.S. 22:1406 C does not preclude LTIC from filing a rate application under R.S. 22:1407.
R.S. 22:1407 A(l) provides:
“Every insurer whose rates are subject to regulation under the provisions of this Part shall file with the respective divisions, except as to inland marine risks which by general custom of the business are not written according to manual rates or rating plans, every manual, minimum, class rate, rating schedule or rating plan and every other rating rule, and every modification of any of the foregoing which it proposes to use. Every such filing shall state the proposed effective date thereof and shall indicate the character and extent of the coverage contemplated. Specific inland marine rates on risks specifically rated, made by a rating organization, shall be filed with the Marine and Inland Marine Insurance Division.”
R.S. 22:1407 B provides:
“An insurer may satisfy its obligation to make such filings by becoming a member of, or a subscriber to, a licensed rating organization which makes such filings, and by authorizing the division to accept such filings on its behalf; provided, that, except with respect to mandatory membership in the Louisiana rating and fire prevention bureau as provided in R.S. 22:1405, nothing contained in this Part shall be construed as requiring any insurer to become a member of or a subscriber to any rating organization.”
A title insurer may satisfy its obligation to file the rate schedule required by R.S. 22:1407 A(l) by becoming a member of a rating bureau. R.S. 22:1407B. When an insurer resigns from a rating bureau, R.S. 22:1407 A(l) requires the insurer to file a rate schedule. R.S. 22:1408 provides the means for disapproving a rate schedule filing where the filing does not conform to the requirements of Part of the Insurance Code.
For the doctrine of contemporaneous construction to be applied, a statute must be subject to two interpretations. Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La.App. 1st Cir. 1974). Because a title insurer is not required to join a rating bureau (R.S. 22:1407 B) and because a title insurer, not a member of a rating bureau, is required to file a rate schedule, (R.S. 22:1407 A(l)) the only possible interpretation of R.S. 22:1406 C is that R.S. 22:1406 C does not preclude a title insurer from filing a separate rate application.
Therefore, for the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.

. At the trial on the merits there was some discussion of whether the application, if capable of being filed by LTIC, should have been filed under R.S. 22 .T407 D instead of R.S. 22:1407 F.
R.S. 22:1407 D provides:
“Subject to the exceptions specified in Subsection E and Subsection F of this Section, each filing shall be on file for a waiting period of fifteen days before it becomes effective, which period may be extended by the division for an additional period not to exceed fifteen days, if it gives written notice within such waiting period to the insurer or rating organization which made the filing that it needs such additional time for the consideration of such filing. Upon written application by such insurer or rating organization, the division may authorize a filing which it has reviewed to become effective before the expiration of the waiting period or any extension thereof. A filing shall be deemed to meet the requirements of this Part unless disapproved by the division within the waiting period or any extension thereof, in accordance with R.S. 22 :- 1408.”
Because the Commission did not act until January 16, 1974, after the fifteen day waiting period provided by R.S. 22:1407 D, it does not matter under which section of R.S. 22 :- 1407 the application was filed.

. R.S. 22:1408 C provides:
“If at any time subsequent to this applicable review period provided for in Subsection A or B of this Section, or after a filing lias become effective under Subsection P of R.S. 22:1407, the division finds that a filing does not meet the requirements of this Part, it shall, after a hearing held before the division upon not less than ten days’ written notice, specifying the matters to be considered at such hearing to every insurer and rating organization which made such filing, issue an order specifying in what respects the division finds that such filing fails to meet the requirements of this Part, and stating when, within a reasonable period thereafter, such filing shall be deemed no longer effective. Copies of said order shall be sent to every such insurer and rating organization. Said order shall not affect any contract or policy made or issued prior to the expiration of the period set forth in said order.”